```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
EAST COAST COUNCIL OF INTERNATIONAL
ALLIANCE OF THEATRICAL STAGE EMPLOYEES
AND MOVING PICTURES MACHINE OPERATORS,      NOT FOR PUBLICATION

                  Plaintiff,                **MEMORANDUM AND ORDER**
                                            09-CV-2169 (KAM) (MDG)
       - against -

YOU'RE NOBODY FILMS, LLC,

                  Defendant.
----------------------------------------X
```
MATSUMOTO, United States District Judge:

      Presently before the court is plaintiff's motion for default judgment against defendant. (ECF No. 6, Motion for Default Judgment.) For the following reasons, plaintiff's default motion is treated as a summary judgment motion and is granted in its entirety.

## BACKGROUND

**A. Procedural History**

      On May 21, 2009, plaintiff commenced this action pursuant to the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to enforce an arbitration award issued in its favor against defendant. (ECF No. 1, Petition ("Pet.") ¶¶ 3, 10-12 and *ad damnum* clause.) Defendant was personally served on May 28, 2009. Defendant's counsel was also served, with counsel's consent, by first-class mail on June 10, 2009. (ECF No. 4, Affidavit of Service, dated 6/15/09; ECF No. 5,

Certificate of Service, dated 6/22/09; *see also* Declaration of Lydia Sigelakis, dated 10/7/9 ("Sigelakis 10/7/09 Decl.") ¶ 6.) Defendant failed to appear or otherwise respond to the Petition. Accordingly, on October 8, 2009, plaintiff moved for the entry of a default judgment and, on October 9, 2009, the Clerk of the Court noted defendant's default. (ECF No. 6, Notice of Motion; ECF No. 7, Clerk's Certificate.)

   **B. Factual Background**

The following undisputed facts are taken from the plaintiff's pleadings, declarations, affidavits, and documentary evidence annexed thereto, submitted in support of its motion for default judgment against defendant. To date, defendant has failed to appear, answer or otherwise defend against this action.

Plaintiff alleges that it is a "labor organization" within the meaning of the LMRA, with its principal place of business in New York, New York. (Pet. ¶ 1.) Plaintiff further alleges that defendant is a business corporation with its principal place of business in Brooklyn, New York. (*Id.* ¶ 2.)

On May 23, 2007, defendant entered into a collective bargaining agreement (the "CBA") with plaintiff which, among other things, set a wage rate for work performed for defendant by plaintiff's members and provided for employment benefit contributions to be made by defendant to plaintiff. (Sigelakis

10/7/09 Decl. ¶ 7 and Ex. A, CBA.) Defendant failed to pay the proper amount of wages and failed to make required contributions to plaintiff. (Sigelakis 10/7/09 Decl. ¶ 7; ECF No. 10, Affidavit of Lydia Sigelakis, dated 5/17/10 ("Sigelakis 5/17/10 Decl.") ¶¶ 3-6.) Pursuant to the terms of the CBA, plaintiff demanded arbitration under the auspices of the American Arbitration Association (the "AAA"). (*See* Sigelakis 10/7/09 Decl. ¶ 7; CBA art. XX, § 20.1.)

Prior to the arbitration hearing, plaintiff and defendant entered into a stipulation, signed by defendant on May 12, 2008 (the "Stipulation"), in which defendant agreed, *inter alia*, that it failed to pay wages and benefit contributions to plaintiff, as required by the CBA. (Sigelakis 10/7/09 Decl., Ex. C, Stip. ¶ 4.) Defendant further agreed that by August 12, 2008, it would pay the amounts due in wages and benefit contributions, then $17,335.29, plus interest. (*Id.* ¶¶ 8-10.) Defendant also agreed that within 14 days of the arbitration hearing, defendant would "execute an instrument" which would grant plaintiff "a security interest in any and all intellectual property rights and personal and other property rights now or hereafter held" by defendant in the "script and motion picture currently entitled 'You're Nobody 'til Somebody Kills You,' whether by that name or a future name." (*Id.* ¶ 14.) The

3

Stipulation reserved plaintiff's right to "pursue any unpaid amounts due in other forums." (*Id.* ¶ 17.)

An arbitration hearing was held on May 13, 2008 and the arbitrator found in plaintiff's favor. (Sigelakis 10/7/09 Decl., Ex. C, Arbitrator's Decision, Award and Order, dated 5/13/08 (the "Award").) The Award observes that the parties entered into the Stipulation and so advised the arbitrator on May 12, 2008, the date before the scheduled arbitration hearing. (*Id.* at 1.) The Award reports that defendant advised that it would not appear for the arbitration hearing and that the arbitrator advised defendant that the hearing would thus proceed *ex parte*. (*Id.*) Only the plaintiff appeared, and the hearing proceeded as scheduled. (*Id.* at 2.) Following the hearing, at which plaintiff offered evidence, the arbitrator ordered defendant "to fully and timely comply with each and every provision in the Stipulation[,]" which was "incorporated in its entirety" by reference into the Award. (*Id.* at 1-2.)

There is no evidence that defendant moved to vacate the Award, which remains partially unsatisfied. Plaintiff seeks judgment in the amount of $8,824.42 (*see* Sigelakis 5/17/10 Decl. ¶ 3), consisting of $1,094.22 in interest on late payments for wages paid; $4,176.67 in wages plus interest thereon; $3,118.53 in unpaid benefit fund contributions; and $435.00 for court filing and process server fees, plus applicable interest and

payroll company fees as set forth in plaintiff's Statement of Damages.  (*Id.* ¶¶ 3-8 and Ex. A, Statement of Damages.) Plaintiff has submitted a proposed default judgment order which proposes, *inter alia*, that the court direct defendant to "execute a security agreement" with plaintiff.  (ECF No. 6, Proposed Order at 1.)

**DISCUSSION**

  A. **Jurisdiction**

Federal courts have jurisdiction pursuant 29 U.S.C. § 185 over petitions to confirm labor arbitration awards.  *Local 802, Associated Musicians v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998) (citation omitted).  Plaintiff has therefore properly invoked the court's jurisdiction in this action to confirm an arbitration award arising out of a labor dispute.

  B. **Standard of Review**

Although plaintiff has styled its present application as a motion for default judgment, it is more appropriately treated as a summary judgment motion.  See *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006) ("A default judgment was inappropriate in light of this record.  Rather, the petition [for confirmation of an arbitration award] and accompanying record should have been treated as akin to a motion for summary

5

judgment based on the movant's submissions.") In *D.H. Blair*, the Second Circuit observed that:

> [D]efault judgments in confirmation/vacatur proceedings are generally inappropriate. A motion to confirm or vacate an award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself, that may resolve many of the merits or at least command judicial deference. When a court has before it such a record, rather than only the allegations of one party found in complaints, the judgment the court enters should be based on the record. It does not follow, of course, that the non-movant can simply ignore such a motion. If the non-movant does not respond, its failure to contest issues not resolved by the record will weigh against it.

*Id.* at 109; *see also Associated Musicians of Greater New York, Local 802, AFM v. Vanjo Prods.*, No. 06-cv-7003, 2007 U.S. Dist. LEXIS 15754, at *4 (S.D.N.Y. Feb. 27, 2007) (Report and Recommendation treating plaintiff's default judgment motion as a summary judgment motion in a case commenced pursuant to the LMRA to confirm an arbitration award); *see also New York City Dist. Council of Carpenters Pension Fund v. Woodcraft Installers, Inc.*, No. 10-cv-1358, 2010 U.S. Dist. LEXIS 46459, at *2 (S.D.N.Y. May 12, 2010) (treating default judgment motion as a summary judgment motion in a case commenced pursuant to the Federal Arbitration Act ("FAA")).

Further, "[a]rbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding

long and expensive litigation." *Bermuda Container Line Ltd. v. International Longshoremen's Ass'n*, 192 F.3d 250, 255 (2d Cir. 1999) (citation omitted). Thus, "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair*, 462 F.3d at 110 (citation omitted). Indeed, an "arbitrator's rationale for an award need not be explained . . . and only a barely colorable justification for the outcome reached by the aribtrators is necessary to confirm the award." *Id.* (internal citations and quotations omitted). Further, an inquest on the amount of any damages is not required where, as here, the amount is "liquidated or susceptible of mathematical calculation." *Vanjo Prods.*, 2007 U.S. Dist. LEXIS 15754, at *5 (citations omitted). Accordingly, the court need not hold an inquest hearing to assess the amount of damages owed to plaintiff.

**C. Liability and Damages**

The evidentiary record before the court supports plaintiff's request for judgment in the total sum of $8,824.42. It is undisputed that defendant entered into the Stipulation and that its terms were incorporated into the arbitrator's Award by reference. It is also undisputed that defendant subsequently defaulted on its obligations under the Stipulation and Award. There is no evidence that the arbitrator acted arbitrarily or contrary to law, exceeded his authority, or that the Award was

7

subsequently vacated, corrected, or otherwise modified. *See Woodcraft Installers, Inc.*, 2010 U.S. Dist. LEXIS 46459, at *3 (observing that under the FAA, a court must grant an order to confirm an arbitration award unless the award is "vacated, modified, or corrected") (citation omitted); *Vanjo Prods.*, 2007 U.S. Dist. LEXIS 15754, at *5 (recommending that a labor arbitration award be confirmed where there was no indication that the arbitrator "acted arbitrarily or contrary to law, or exceeded his jurisdiction"). Accordingly, plaintiff is awarded damages in the total amount of $8,824.42, plus interest from the date of judgment at the rate provided by law. The court declines to award "payroll company fees for check processing," as requested by plaintiff, based upon the lack of legal and factual support for such an award.

Plaintiff also seeks an order directing defendant to execute a security agreement with plaintiff. (*See* Proposed Order at 1.) This court has jurisdiction to issue an injunction as a remedy for defendant's failure to comply with its contractual obligations under the CBA. *See Aeronautical Indus. Dist. Lodge 91 v. United Techs. Corp.*, 230 F.3d 569, 579 (2d Cir. 2000); *District Lodge 26 of the Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. United Tech. Corp.*, No. 09-cv-1494, 2010 U.S. Dist. LEXIS 9901, at *135 (D. Conn. Feb. 5, 2010). Further, the Second Circuit has unequivocally instructed

that an arbitration award "*should* be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair*, 462 F.3d at 110-12 (emphasis added) (internal citation and quotation marks omitted) (noting that a party moving to vacate an arbitration award has the burden of proof with the required showing to avoid confirmation "very high" and finding that where a motion to confirm is "unopposed, confirmation of the entire arbitral award is appropriate").

As previously mentioned, the Stipulation here, endorsed by defendants and incorporated by reference into the Award, entitles the plaintiff to a security agreement whereby defendant grants to plaintiff any intellectual or other property rights held by defendant in the script and motion picture "You're Nobody 'til Somebody Kills You." (*See* Award at 2; Stip. ¶ 14.) Accordingly, given that the record before the court supports the Award's order that defendant comply "fully and timely . . . with each and every provision in the Stipulation[,]" and plaintiff's unopposed motion for confirmation of the Award, plaintiff's request for injunctive relief is granted.[1] *See Eyewonder, Inc. v. Abraham*, No. 08-CV-3579 (GBD), 2010 U.S. Dist. LEXIS 93562, 19-20 (S.D.N.Y. 2010) ("In light of the presumption toward confirming an arbitration

---

[1] In the instant case, however, the court notes that execution of a security agreement is likely unnecessary given that this Order grants plaintiff an enforceable money judgment with concomitant potential post-judgment remedies.

9

award, and absent specific justification for vacating the arbitrator's determination that injunctive relief was appropriate, this Court confirms the Award and issues an order granting injunctive relief.")

## **CONCLUSION**

For the foregoing reasons, the May 13, 2008 arbitration award is confirmed. Plaintiff is awarded judgment against defendant in the total amount of $8,824.42, plus interest from the date of judgment at the legal rate, and defendant shall execute a security instrument in accordance with the arbitration Award and May 2008 Stipulation. The plaintiff is ordered to serve a copy of this Memorandum and Order upon defendant and his counsel and to file a declaration of service by September 24, 2010. The Clerk of the Court shall enter judgment in accordance with this Order and shall close this case.

SO ORDERED.

Dated: Brooklyn, New York
       September 21, 2010

                                        /s/
                              KIYO A. MATSUMOTO
                              United States District Judge
                              Eastern District of New York